IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MONSOUR G. OWOLABI, <br> TDCJ No. 01856112, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:22-cv-094-O |
| TDCJ ALLRED UNIT, et al., | § § § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants Motion to Dismiss filed by Debbie Kelley, Eric Guerrero, Tammy Shelby, and the Texas Board of Criminal Justice. ECF No. 19. Defendants seek dismissal of this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff did not file a response. After review of the motion and the pleadings of record, the Court finds that the Motion to Dismiss should be **GRANTED**.

**I. BACKGROUND**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the Ellis Unit of the Texas Department of Criminal Justice ("TDCJ") in Huntsville, Texas. Plaintiff first claims that, when he was confined in the James V. Allred Unit of the TDCJ in Iowa Park, Texas, Defendants unlawfully censored mail sent to him by MIM Prisons when they denied him the mail. *See* Amended Complaint, ECF No. 4 at 4, 6. He states that the mail was censored because it expressed communist or anarchist perspectives and that such action by Defendants constitutes political censorship. *Id.* Next, Plaintiff claims that outside mail senders are not being notified of Defendants' denial of his mail in time for an appeal which violates the senders' rights. *Id.* at 4, 6-7. Finally, Plaintiff claims that Defendants have conspired to censor all materials sent to him by

MIM Prisons and similar publishers who espouse leftist ideals. *Id.* at 4, 8. Plaintiff seeks declaratory judgment, injunctive relief, and compensatory damages. *Id.* at 4.

Defendants first seek dismissal of Plaintiff's claims against them in their official capacities. Defendants argue that because they are entitled to sovereign immunity under the Eleventh Amendment, Plaintiff's official capacity claims should be dismissed under Rule 12(b)(1) for lack of jurisdiction. Defendants seek dismissal of Plaintiff's remaining claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**II. LEGAL STANDARDS – Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party wishing to invoke the Court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Rodriguez v. Texas Commission on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must take the facts as true and resolve inferences and doubts in Plaintiff's favor. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir. 2004).

**III. ELEVENTH AMENDMENT IMMUNITY**

The Eleventh Amendment prevents individuals from suing a state for damages. *See* U.S. CONST. AM. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). Eleventh Amendment immunity extends not only to the states themselves, but also to state agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In addition, Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacity. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 609 n. 10 (2001) (recognizing that "[o]nly States and state officers acting in their official capacity are immune from suits for damages . . . ."). An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

In the absence of consent, the Eleventh Amendment bars federal lawsuits by a U.S. citizen against a state or against a state agency or department. *Pennhurst*, 465 U.S. at 100; *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986). Sovereign immunity under the Eleventh Amendment is applicable unless the State has expressly waived such protection.[1] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). The State of Texas has not waived Eleventh Amendment immunity with regard to suits against the Department of Criminal Justice and § 1983 does not override the Eleventh Amendment. *Voisin's Oyster House, Inc.*, 799 F.2d at 186; *see Aguilar v.*

---

[1] A court will find waiver of Eleventh Amendment immunity only where waiver is stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 675 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

*Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (holding that the Texas Department of Criminal Justice has Eleventh Amendment immunity). Furthermore, a state agency is not considered a "person" acting under color of law for purposes of a civil rights action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

An Eleventh Amendment sovereign immunity defense challenges a court's subject matter jurisdiction. *See Ussery v. Louisiana*, 150 F.3d 431, 434 (5th Cir. 1998). A federal court does not have subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment; therefore, any claims that are barred by sovereign immunity should be dismissed without prejudice. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).

In the instant case, Defendants are agents and/or employees of the Texas Department of Criminal Justice. Plaintiff's official capacity claims are therefore essentially claims against the Texas Department of Criminal Justice. Plaintiff has set forth no facts that could demonstrate that TDCJ is not entitled to sovereign immunity. Therefore, Defendants are entitled to dismissal of Plaintiff's official capacity claims for monetary damages.

**IV. LEGAL STANDARDS – Rule 12(b)(6)**

To survive dismissal at the pleading stage under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and he must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). But "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007) (citations omitted).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and while the Court must accept all of a plaintiff's factual allegations as true, it is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**V. RULE 12(b)(6) ANALYSIS**

In his second ground for relief, Plaintiff claims that outside mail senders are not being notified of Defendants' denial of delivery of mail in time for senders to appeal which violates the senders' rights. A *pro se* plaintiff who is seeking recovery for the injury allegedly suffered by others has no standing to do so. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *O'Hair v. White*, 675 F.2d 680, 687 (5th Cir. 1982). Therefore, Plaintiff's claim that the rights of entities sending mail to him have been violated is subject to dismissal.

Similarly, Plaintiff's claim for compensatory damages is subject to dismissal. 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury." In *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit held:

> We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. (footnote omitted). Thus, as the district court correctly held, Geiger's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.

404 F.3d at 375 and n.11 (collecting cases); *see Regalado v. Management and Training Corp.*, No. 22-10034, 2023 WL 142087, at *3 (5th Cir. Jan. 10, 2023) ("[A] prisoner is generally precluded from recovering compensatory damages 'for violations of federal law where no physical injury is alleged.' ") (quoting *Mayfield v. Texas Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008)).

In the instant case, Plaintiff seeks compensatory damages because he was denied mail from MIM Prisons. Because "[he did not suffer] any . . . physical injury, his claim for [compensatory] damages fails to overcome the hurdle of § 1997e(e)." *Taylor v. Collier*, No. 22-20398, 2023 WL 8184869, at *2 (5th Cir. Nov. 27, 2023). But "[t]he prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement." *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)).

Plaintiff next seeks declaratory relief in the form of a "Declaration of rights Violation(s)." *See* Amended Complaint, ECF No. 4 at 4. To obtain declaratory relief, a plaintiff must demonstrate that he is "likely to suffer *future* injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (emphasis added). Owolabi's request for declaratory relief is retrospective in that he asks the Court

6

to declare that his rights were violated when Defendants refused to deliver the MIM Prisons publication to him. *See* ECF No. 4 at 4. Owolabi's request and the factual allegations supporting it are premised on past events and are therefore retrospective. As such, Plaintiff Owolabi is not entitled to declaratory relief. *See, e.g., Waller v. Hanlon*, 922 F.3d 590, 603-04 (5th Cir. 2019) (reversing "district court's order declining to dismiss the plaintiff's claims for declaratory relief," which were based on past injury); *Malik v. US Dep 't of Homeland Sec.*, No. 4:21-cv-0088-P, 2022 WL 3104840, at *2- 3 (N.D. Tex. Aug. 4, 2022) (dismissing plaintiff's claims for declaratory relief which were based on past wrongs and alleged only speculative future harm).

Next, Plaintiff asks for injunctive relief in the form of an "Injunction Directing defendants to deliver all mailings in question and to cease 'unofficial' ban on dissenting materials." *See* ECF No. 4 at 4. The Court finds that Plaintiff's transfer to the Ellis Unit in Huntsville, Texas renders his request for injunctive relief moot. Plaintiff has failed to set forth a plausible claim that mailroom personnel at the Ellis Unit will engage in an "unofficial" ban on materials from MIM Prisons. And the possibility of Plaintiff's transfer back to the Allred Unit is too speculative to warrant relief. *See Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987).

To the extent that Plaintiff seeks to hold Mail Systems Coordinators Panel Director Tammy Shelby and Director Review Committee Chairman Eric Guerrero liable due to their supervisory positions, he cannot prevail. Defendants Shelby and Guerrero cannot be held responsible for the alleged acts or omissions of their subordinates as there is no respondeat superior liability under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("Absent vicarious liability, each Government official,

his or her title notwithstanding, is only liable for his or her own misconduct."); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Supervisory officers . . . cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability."). The United States Court of Appeals for the Fifth Circuit has held that vicarious liability is an untenable theory of recovery in a § 1983 action. *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001). Plaintiff cannot succeed in holding Shelby and Guerrero liable on the theory that they are responsible for the alleged unlawful acts of their subordinates.

To state a viable claim, a civil rights plaintiff must establish a causal connection between the acts or omissions of the defendant and the resulting constitutional deprivation. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). Here, Plaintiff has failed to allege facts to show either active participation by Shelby or Guerrero that caused the alleged deprivation of his constitutional rights or affirmative adoption by these Defendants of policies that were wrongful or illegal and which caused the alleged constitutional deprivation. *See Wanger v. Bonner*, 621 F.2d 675, 679 (5th Cir. 1980) (requiring a § 1983 plaintiff to "establish a causal connection between an act of the supervisory official and the alleged constitutional violation."). Moreover, Plaintiff has failed to allege facts that could plausibly demonstrate that Defendants Shelby or Guerrero are TDCJ policymakers who have the authority to implement a court-ordered injunction.

To the extent that Plaintiff complains of his right to appeal through the prison grievance process, he cannot prevail. Defendants cannot be held liable because Plaintiff is dissatisfied with the way that his grievances were handled. Any right a prisoner has to the grievance process is a procedural right, not a substantive one; thus, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422,

8

1430 (7th Cir. 1996). Suing prison officials because they denied an inmate's grievance does not state a cognizable § 1983 claim. *See Green v. Hendrick Medical Center*, 251 F.3d 157, 2001 WL 300844 (5th Cir. 2001); *Ordaz v. Lynaugh*, 20 F.3d 1171, 1994 WL 144882 (5th Cir. 1994). A prison official may not be held liable for a civil rights violation merely for handling a grievance or an informal complaint in a manner considered unsatisfactory by an inmate. *See Cooper v. Bowles*, 1997 WL 361879 *3 (N.D. Tex. June 20, 1997). Plaintiff's complaint regarding the processing of his grievances is without merit.

**VI. CONCLUSION**

When considering a motion to dismiss, the Court must accept Plaintiff's factual allegations as true and must construe the complaint in the light most favorable to the plaintiff. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 563 (2007). However, a party seeking to avoid dismissal "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Although the dismissal of a complaint on a motion to dismiss for failure to state a claim is generally disfavored, the Court should exercise its power to dismiss if the pleadings lack an allegation regarding an element required to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citations omitted). In the instant case, Plaintiff has set forth no facts that state a plausible claim against Defendants.

Through Defendants' Motion to Dismiss and the Court's Order (ECF No. 22) directing him to respond to the Motion to Dismiss, Plaintiff was put on notice that his factual allegations could be deficient. Despite having ample opportunity, Plaintiff failed to submit a response.

For these reasons, Defendants' Motion to Dismiss (ECF No. 19) is **GRANTED.** Plaintiff's official capacity claims for monetary damages are **DISMISSED** without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction. Plaintiff's remaining claims are **DISMISSED** with prejudice pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

**SO ORDERED** this **27th day** of **March, 2024.**

                                                Reed O'Connor
                                              UNITED STATES DISTRICT JUDGE